UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUAME TRUITT,

                Plaintiff,

    -against-

JOHN DOE,

                Defendant.

22-CV-3407 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

    Plaintiff, currently detained at the Anna M. Kross Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment. By order dated April 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## DISCUSSION

### A.    Identifying "John Doe" Defendant

    Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction (DOC) to identify Deputy Warden "John Doe," who presided over Plaintiff's disciplinary hearing in November 2021; the disciplinary decision resulting from that hearing was overturned in an Article 78 proceeding in the Supreme Court of the State of New York, Bronx County, *Truitt v. Warden*, Index No. 340200-21.[2]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Plaintiff lists an address for Defendant John Doe at the George R. Vierno Center on Rikers Island, 09-09 Hazen Street. Dkt. 2 at 3.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of the John Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Once this information has been received, the Court will issue an order (1) directing the Clerk of Court to substitute the named defendant for the "John Doe" defendant: and (2) asking the defendant to waive service.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street New York, NY 10007.

---

[3] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 28, 2022
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge